BOKOR v CITY OF DETROIT

Docket No. 100916. Submitted December 7, 1988, at Detroit. Decided March 10, 1989.

John Bokor, Sr., personal representative for the estate of Alice Bokor, deceased, John Bokor, II, Paulette Bokor-Miller, and Linda Bokor brought an action in the Wayne Circuit Court against the City of Detroit, the Detroit Fire Department, Emergency Medical Services, and an unknown Emergency Medical Services dispatcher and a 911 operator alleging that defendants committed gross negligence, reckless or wilful and wanton acts or omissions which might have reasonably led to bodily harm or death by failing to dispatch an EMS unit to the decedent's residence as quickly as possible in order to administer first aid to the decedent and to transfer her to a hospital. Plaintiffs further alleged that the city was vicariously liable for the torts of its employees, the EMS dispatcher and 911 operator. The city moved for summary disposition contending the suit was barred by governmental immunity. The trial court, William L. Cahalan, J., granted the motion in part, finding the city immune from liability, and denied the motion in part, ruling that the city was vicariously liable for the gross negligence or wilful or wanton misconduct of its EMS dispatcher. Plaintiffs appealed and the city cross-appealed. Plaintiffs' appeal was thereafter dismissed by stipulation of the parties.

The Court of Appeals *held:*

1. The trial court erred in ruling that the emergency medical services act, MCL 333.20737; MSA 14.15(20737), provides a statutory exception to the city's governmental immunity from vicarious liability for the conduct of its EMS dispatcher. The statute is inapplicable to the negligent conduct alleged by plaintiffs.

2. Moreover, even had the alleged negligent conduct fallen

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 11 *et seq.*

Validity and construction of statute or ordinance limiting the kinds or amount of actual damages recoverable in tort action against governmental unit. 43 ALR4th 19.

within the ambit of the statute, the statute does not provide an exception to the governmental immunity act or impose vicarious liability on governmental agencies.

Reversed.

GOVERNMENTAL IMMUNITY — EMERGENCY MEDICAL SERVICES.

The emergency medical services act addresses liability based on acts or omissions of ambulance attendants and various emergency medical technicians; the act does not discuss the imposition of liability based on an act or omission of a person providing communication services; the act does not provide an exception to the governmental immunity act or impose vicarious liability on governmental agencies (MCL 333.20737; MSA 14.15[20737]).

*James C. Thomas, P.C.* (by *James C. Thomas*), for plaintiffs.

*Donald Pailen,* Corporation Counsel, *William L. Woodard,* Supervising Assistant Corporation Counsel, and *Joanne D. Stafford,* Assistant Corporation Counsel, for defendants.

Before: WAHLS, P.J., and McDONALD and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant cross-appellant City of Detroit appeals by leave granted from a February 18, 1987, order granting the city partial summary disposition in this wrongful death action. We reverse.

This suit arises out of the November 2, 1982, death of plaintiffs' decedent. On April 17, 1982, the decedent, who resided in the City of Detroit, began experiencing difficulty breathing. 911, Emergency Medical Services, was contacted and stated that an EMS unit would be dispatched to the residence forthwith. Approximately twenty-five to thirty minutes after the request for EMS assistance, no EMS unit had yet arrived. Decedent's son therefore

---

* Circuit judge, sitting on the Court of Appeals by assignment.

transported decedent to the hospital. Approximately three minutes before reaching the hospital, the decedent suffered respiratory arrest. Although the decedent was resuscitated by emergency room personnel, she remained in a coma until her death on November 2, 1982.

Thereafter, plaintiffs commenced the instant action against the City of Detroit, its EMS dispatcher and an unknown 911 operator. Plaintiffs alleged that defendants committed gross negligence, reckless or wilful and wanton acts or omissions which might have reasonably led to bodily harm or death by failing to dispatch an EMS unit to the decedent's residence as quickly as reasonably possible in order to administer first aid to the decedent and to transport her to a hospital. Plaintiffs further alleged the City of Detroit was vicariously liable for the torts of its employees, the EMS dispatcher and 911 operator.

The city moved for summary disposition pursuant to MCR 2.116(C)(7), (8) and (10), contending this suit is barred by governmental immunity, that plaintiffs failed to present a claim in avoidance of governmental immunity, and that there is no genuine issue of material fact.

Following a hearing, determining that the city was immune from liability because operation of the EMS service was a governmental function, the trial court granted the city's motion in part. However, relying upon MCL 333.20737; MSA 14.15(20737), the court ruled the city was vicariously liable for the gross negligence or wilful or wanton misconduct of its EMS dispatcher and, accordingly, denied the city's motion as to only this claim.

On appeal defendant city claims the trial court erred in ruling that the emergency medical services act, MCL 333.20737; MSA 14.15(20737), pro-

vides a statutory exception to the city's governmental immunity from vicarious liability for the conduct of its EMS dispatcher. We agree, finding the statute inapplicable to the negligent conduct herein alleged.

The statute states:

> When performing services consistent with the individual's training, acts or omissions of an ambulance attendant, emergency medical technician, emergency medical technician specialist, or advanced emergency medical technician do not impose liability on those individuals in the treatment of a patient when the service is performed outside a hospital. Such *acts or omissions also do not impose liability on the* authorizing physician or physician's designee, the *person providing communications services or lawfully operating or utilizing supportive electronic communications devices,* the ambulance operation, the hospital or an officer, member of the staff, nurse, or other employee of the hospital, or the authoritative governmental unit or units. *All persons named in this section,* and emergency personnel from outside the state, *are protected from liability unless the act or omission was the result of gross negligence or wilful misconduct.* [Emphasis added.]

In the instant case plaintiffs are attempting to hold the city vicariously liable for the alleged negligent conduct of the city's EMS dispatcher and 911 operator. We do not believe such conduct falls within the purview of the statute. The statute addresses liability based on acts or omissions of ambulance attendants and various emergency medical technicians, but does not discuss the imposition of liability based on an act or omission of a person providing communication services, as were the individual defendants in the instant case. Thus, as the statute is inapplicable to the facts of

this case, the trial court clearly erred in finding the statute provided an exception to the city's governmental immunity and denying in part the city's motion for summary disposition.

Moreover, even had the alleged negligent conduct fallen within the ambit of the statute, we do not believe the statute provides an exception to the governmental immunity act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* or imposes vicarious liability on governmental agencies. When imposing liability for acts or omissions resulting from gross negligence or wilful misconduct, the statute refers to "[a]ll persons" named in the statute, not governmental units.

Reversed.